PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2006 Ford 500 struck a hole on Mount Harmony Road, designated as County Route 73/1 in Fairmont, Marion County. County Route 73/1 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:10 p.m. on April 2, 2008. County Route 73/1 is a two-lane paved road with a centerline and no edge lines. The speed limit is thirty miles per hour. At the time of the incident, claimant was driving from her home in Rayford Acres to the FBI Center. As claimant was proceeding at the speed limit, her vehicle struck a hole on the right side of the paved portion of the road. The hole was approximately two feet in diameter and was situated six inches from the berm. Claimant testified that she was unable to avoid the hole due to an oncoming vehicle. As a result of this incident, claimant’s vehicle sustained damage to its tire and rim in the amount of $394.82. Since claimant’s insurance deductible was $250.00, claimant’s recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 73/1. Michael Roncone, Highway Administrator for respondent in Marion County, testified that County Route 73/1 is a second priority road in terms of its maintenance. According to respondent’s Core Maintenance Plan, respondent patches holes on County Route 73/1 after it performs patchwork onU.S. Route 19 andU.S. Route 250. He explained that although County Route 73/1 is a second priority road it terms of its maintenance, it has a high average daily traffic count. Although Mr. Roncone was not aware of the particular hole in question, he stated that there were holes near the berm of the road. Mr. Roncone testified that respondent received complaints regarding holes in this area prior to the incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645,46S.E.2d81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole leads the Court to conclude that respondent had notice of this condition. In addition, the claimant could not have avoided the hole during the time of the incident. Thus, the Court finds respondent negligent, and claimant may make a recovery for the damage to her vehicle. In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $250.00.
Award of $250.00.